Krista S. Robinson, SBA No. 030868
ROBINSON LAW OFFICES
202 E. Earll Dr., Suite 490
Phoenix, Arizona 85012-2698
Telephone: (602) 885-2627
Fax: (602) 888-8531
E-mail: krista@robinsonlawoffices.com
    *Attorney for Plaintiff Mary Ellen Androsky*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Mary Ellen Androsky**, | ) |
|             Plaintiff, | ) **Case No. 2:23 CV** |
| vs. | ) |
| **WithMe, Inc.,** a Delaware for-profit corporation; and **RCHR, LLC**, an Illinois limited liability company, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|             Defendants. | ) |

    Plaintiff Mary Ellen Androsky ("Plaintiff"), by and through her undersigned counsel, files this Complaint and Demand for Jury Trial against the two Defendants, (1) WithMe, Inc. ("WithMe"), and (2) RCHR, LLC ("Cognos HR"), hereinafter collectively referred to as the "Defendants", pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 3, 7(a)1, 8(a), and 38(a & b):

### 1. Parties, Jurisdiction, and Venue

    **1.**    Plaintiff Mary Ellen Androsky is, and has been at all times material to this Complaint, an adult resident of Maricopa County, Arizona. She was born in October of 1969.

**2.** At all times pertinent to this Complaint, Plaintiff was an "employee" of both "WithMe, Inc.", and "RCHR, LLC" (collectively referred to hereinafter as the "Defendants"), as that term is defined and used in 29 U.S.C. 630(f), and defined and used in A.R.S. 23-350(2), A.R.S. 23-351(c), and 23-355(a).

**3.** Defendant WithMe, Inc., is, and has been at all times pertinent to this Complaint, a Delaware for-profit corporation, employing at least three employees in Phoenix, Arizona including the Plaintiff, and engaged in business in Arizona by providing services to approximately twenty Arizona-based customers and subleasing an office and warehouse space in Scottsdale, Arizona.

**4.** Defendant RCHR, LLC, is, and has been at all times material to this Complaint, an Illinois limited liability company, formally doing business under entity name Cognos HR, LLC, currently doing business as Cognos HR, and jointly employing at least three employees in Phoenix, Arizona including the Plaintiff.

**5.** At all times material to this Complaint, Defendants WithMe, Inc. and RCHR, LLC, acting collectively, were the joint "employers" of Plaintiff as that term is defined in A.R.S. 23-350(3) and 29 U.S.C. 630(b).

**6.** Plaintiff presents two claims for relief against the Defendants herein:
  A. Age Discrimination in Employment Act ("ADEA), 29 U.S.C. 626(c)(1).
  B. Failure to pay wages in breach of the parties' employment contract, A.R.S. 23-355(A).

**7.** This Court has subject matter jurisdiction for claim 6(A) supra, because it arises under federal statutes, as provided by both 29 U.S.C. 626(c)(1) and 28 U.S.C. 1331.

**8.** This Court has supplemental jurisdiction for claim 6(B) supra, a state law claim which is so related to claim 6(A) that it forms part of the same case or controversy, as provided by 28 U.S.C. 1367(a).

**9.** Based upon the foregoing facts, this Court is the correct venue for this action under 28 U.S.C. 1391(b).

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

**Fact Allegations Supporting Claims**

9. In August 2021, Plaintiff Androsky interviewed via Zoom with Defendant WithMe, Inc. Chief Executive Officer Jonathan Treble ("CEO Treble") and others for the Defendants' Vice President-Sales position.

10. On August 26, 2021, Plaintiff accepted employment with Defendant WithMe, Inc. with a start date of September 20, 2021.

11. Upon hire, Defendant Cognos HR provided Plaintiff with new-hire paperwork, equity offer documents, and payroll-related information.

12. CEO Treble was unaware of Plaintiff's age or physical attributes during the hiring process, as both interviews were conducted remotely, via Zoom. CEO Treble stated to Plaintiff upon meeting her for the first time in person, "*I never realized you were so tall, there is a lot you can't tell about a person over Zoom.*"

13. Throughout her tenure with the Defendants, Plaintiff worked with Defendant Cognos HR on Human Resource related issues, including implementing a performance improvement plan, relocating an employee to a different state, multiple personnel problems, and terminating employees.

14. Plaintiff was a loyal, competent, and dependable hard-working employee. At all times, Plaintiff met or exceeded expectations and had no deficiencies or disciplinary matters.

15. In December 2021, CEO Treble visited Plaintiff and the Arizona-based employees to discuss, among other things, the services Defendant WithMe, Inc. provided to its Arizona-based customers.

16. In February 2022, the Defendants' employment of Senior Vice President ("SVP") Kimberly Cameron terminated with little notice, causing the Plaintiff to suddenly assume all of the SVP job responsibilities along with her original job.

17. In March 2022, CEO Treble created an MEA Q1 Bonus Adjustment for KC departure spreadsheet ("Bonus Contract") that outlines the Plaintiff's

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

compensation for Q1. The Bonus Contract states that the Plaintiff will receive a Value and Standards ("V&S") Bonus in the amount of $5,894.00. This Bonus is a "wage" as that term is defined in A.R.S. 23-350 (7).

18. A true copy of the parties' Bonus Contract supra, is attached and incorporated by reference infra as **Exhibit 1**, pursuant to FRCP Rule 10(c).

19. On or around March 14 and 15, 2022, the Plaintiff attended the WithMe, Inc. leadership summit in Denver, Colorado, where over half of her proposed V&S Standards were adopted by WithMe, Inc.

20. Plaintiff (with others) caused the Defendants' printer sales to double during her employment by the Defendants, and Plaintiff's Regional Sales Directors exceeded their target by 125% in March 2022 while under the direct control and supervision of the Plaintiff.

21. On April 4, 2022, CEO Treble suddenly terminated Plaintiff's employment by the Defendants effective that same day. Plaintiff was told the reason for her termination included "*not being aligned with company values*." The Defendants gave no other reason for her termination for "*not being aligned with company values*" or explanation, or any prior warning or notice of such.

22. On April 4, 2022, the Defendants offered the Plaintiff a "Confidential Separation Agreement and Release". In the Agreement proposed by the Defendants, it states, inter alia, that "Employee has been employed by Employer, which has engaged Cognos to facilitate various matters relating to Employee's employment with Employer, and that Cognos has therefore also been a joint employer of Employee.", confirming that both entities were Plaintiff's employer as that term is defined in A.R.S. 23-350(3). The Plaintiff rejected the Defendants' proposed separation agreement and release.

23. Subsequently, on April 6, 2022, the Defendants' CEO Treble held an open mic meeting to discuss the "*transition*" following the Plaintiff's termination.

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

1 Specifically, CEO Treble said that Justine Edwards "*has been promoted to director level*" (replacing the Plaintiff). Ms. Edwards is approximately fifteen years younger than the Plaintiff and assumed the Plaintiff's job duties.

24. During the April 6, 2022, open mic meeting, several employees within WithMe, Inc. including an Account Manager and multiple RSDs, expressed confusion over the Plaintiff's departure. These employees referred to the Plaintiff as an "*amazing leader*," and "*she made us a team*," "*had our back*," "*we trusted her*," "*she did implement honesty*," and "*we saw (her) standards and values and there was never a miss*."

25. Prior to Ms. Edwards promotion, she worked as the Inside Sales Manager for Defendant WithMe, Inc., an inferior position to that held by the Plaintiff.

26. The Defendants have unlawfully failed and refused to pay to the Plaintiff the V&S Bonus promised in the parties' Bonus Contract, supra, as required by A.R.S. 23-351(C).

27. CEO Treble has a history of making discriminatory comments pertaining to age, specifically referring to older employees as "Grandpa" and chastising employees over the age of 40 for "talking too slow."

28. On November 9, 2022, months after terminating Plaintiff for a younger counterpart, CEO Treble posted to his personal Twitter account, "*Why isn't anyone talking about the real productivity problem facing America the next 10 years…as baby boomers continue to age, planing and deplaning will take an extra 10 minutes each flight.*"

29. The Plaintiff was and is in very good health and planned to work for the Defendants as a continued valued member of the team indefinitely until she decided to retire years later.

30. The Defendants terminated Plaintiff because of her age, giving her a false reason for her unjustified termination, willfully discriminating against her in

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

violation of the Age Discrimination in Employment Act, while replacing her with Ms. Edwards who is significantly younger and had inferior qualifications compared to the Plaintiff.

31. As the direct and proximate result of the conduct of Defendants in terminating Plaintiff, she has suffered damages including, inter alia, lost wages from the loss of her job, a reduced standard of living and loss of employee benefits, worry about how she would support herself while unemployed, sadness from the loss of her relationship with coworkers, and embarrassment, humiliation and emotional distress from the sudden and unexpected loss of her job which she enjoyed and performed well.

**Exhaustion of Administrative Remedies through the EEOC**

32. Based upon the foregoing, the Plaintiff filed the following charges of employment discrimination based upon age with the United States Equal Employment Opportunity Commission ("EEOC") on August 4, 2022:

(A) Charge # 540-2022-04708 against Defendant WithMe, Inc. A true copy is attached as **Exhibit 2** and incorporated herein by reference pursuant to FRCP Rule 10(c).

(B) Charge # 540-2022-04709 against Defendant RCHR, LLC, formally doing business as Cognos HR, LLC. A true copy is attached as **Exhibit 3** and incorporated herein by reference pursuant to FRCP Rule 10(c).

33. On January 30, 2023, the EEOC issued its notice of right to sue for EEOC Charge No. 540-2022-04709 and mailed the notice to the Plaintiff.

34. On February 15, 2023, the EEOC issued its notice of right to sue for EEOC Charge No. 540-2022-04708 and mailed the notice to the Plaintiff.

**35.** This Complaint is filed within ninety days of her receipt of these two notices of her right to sue in the mail. True Copies of the notices are attached as **Exhibits 4 and 5** and incorporated herein by reference pursuant to FRCP Rule 10(c).

### Demand for Trial by Jury

Plaintiff Androsky requests a trial by jury on all claims pursuant to the U.S. Constitution Seventh Amendment, FRCP Rule 38, and 29 U.S.C. 626(c)2.

### Relief Requested

Based upon the foregoing, Plaintiff Androsky requests judgment and orders granting her the following relief against both Defendants, jointly and severally:

### COUNT ONE: 29 U.S.C. 623(a)(1)
### Age Discrimination in Employment

1. Lost past and future income damages including the value of lost employee benefits

2. Liquidated damages, pursuant to 29 U.S.C. 626(b) and 29 U.S.C. 216(b)

3. Equitable relief pursuant to 29 U.S.C. 626(b)

4. Attorneys' fees and "costs of the action" required by 29 U.S.C. 626(b) and 29 U.S.C. 216(b), pursuant to FRCP Rules 54(d)(2) and 54(d)(1)

### COUNT TWO – A.R.S. 23-351(C) & 23-355
### Failure to pay earned wages (V&S bonus)

1. Compensatory damages (earned but unpaid wages) estimated to be $5,894.00, which should be trebled pursuant to A.R.S. 23-355(A)

2. Reasonable attorneys' fees pursuant to A.R.S. 12-341.01, FRCP Rule 54(d)(2) and LRCiv 54.2

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

3.  Taxable costs incurred herein, pursuant to 28 U.S.C. 1920, FRCP Rule 54(d)(1), and LRCiv 54.1

Respectfully submitted this 31st day of March 2023.

ROBINSON LAW OFFICES

By: */s/ Krista S. Robinson*

Krista S. Robinson, Esq.,
202 E. Earll Drive, Suite 490
Phoenix, Arizona 85012-2627
*Attorney for Plaintiff*

**Five Attached Exhibits**

1. March 2022 Bonus Contract
2. EEOC charge # 540-2022-04708 (Aug. 4, 2022)
3. EEOC charge # 540-2022-04709 (Aug. 4, 2022)
4. Notice of right-to-sue for EEOC charge # 540-2022-04708 (Feb. 15, 2023)
5. Notice of right-to-sue for EEOC charge # 540-2022-04709 (Jan. 30, 2023)